IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**PATRICIA YEATES, et al.**                                                **PLAINTIFFS**

**V.**                              **NO: 1:20-cv-114**

**CITY OF STARKVILLE, et al.**                                      **DEFENDANTS**

## OPINION

This matter is before the Court on the motion for summary judgment filed by Defendants City of Starkville, Mark Ballard, and Lynn Spruill (the "Municipal Defendants")[1] (ECF No. 92). Plaintiffs have responded in opposition to the motion, and the Municipal Defendants have replied (ECF Nos. 100, 103). The Court has thoroughly reviewed the record and carefully considered the applicable law. This is the decision of the Court.

### BACKGROUND

The general factual backdrop of this case is not in dispute.[2] Zy-terrious Gandy is a young man diagnosed with psychosis and schizophrenia. He lives with his mother, Patricia Yeates, who takes care of him. In the early morning hours of June 3, 2017, Mr. Gandy, who was 18 years old at the time, stole a car, shoplifted at a convenience store, and started driving again. Meanwhile, Ms. Yeates discovered that Mr. Gandy had not taken his medication and had left the house, and she notified the police.

The convenience store personnel called law enforcement regarding Mr. Gandy's shoplifting. Officer John Lay responded to the call. (ECF No. 92-10). He identified the car Mr.

---

[1] It is uncontested that Plaintiffs bring claims against Defendants Ballard and Spruill in their official capacities only. Such official capacity claims are the functional equivalent of claims against the City itself. *Perry v. City of Georgetown*, 68 F.3d 470 (5th Cir. 1995).
[2] The Court is making no factual findings at this stage.

Gandy was driving, drew close behind in his patrol car, and activated his lights. (*Id.*) Mr. Gandy did not stop. Officer Lay advised the police dispatcher that he was in pursuit of Mr. Gandy and traveling about thirty miles per hour. (*Id.*) Officers Charles Jordan, Kaden Adams, and Gary Wheeler, all in separate vehicles, joined the pursuit. (*Id.*) Officer Wheeler's body camera footage is part of the record in the case and depicts the vehicle pursuit and ensuing events. (ECF No. 92-9).

Officers pursued Mr. Gandy with sirens activated and lights on. Mr. Gandy did not stop. Instead, he continued driving for several more city blocks, eventually reaching a dead end in a cul-de-sac. At that point, Mr. Gandy stopped his car but kept the engine running and did not get out. The officers positioned their vehicles to box in Mr. Gandy's car and prevent him from driving away. Officers shouted at him to get out of the car, but Mr. Gandy instead started backing the car up, toward the police cars and one or more other police officers. (ECF 92-9, 92-10). Officer Wheeler shouted warnings and fired approximately five shots into the vehicle while shouting for Mr. Gandy to stop. (ECF No. 93; ECF No. 92-9). Mr. Gandy continued backing up, and Officer Wheeler fired approximately four more shots toward the vehicle. (*Id.*) Mr. Gandy drove the car past other officers, through a yard, and into a house, and then started driving toward the officers again. Officer Wheeler fired approximately five more shots. (*Id.*)

Mr. Gandy took off on foot and ran into nearby woods. Officer Wheeler and others pursued him through the woods, into another house, and back into the woods. Mr. Gandy collapsed in the woods, and the officers found him there. Mr. Gandy was bleeding. Another responding officer, Officer Hanohano, approached and handcuffed Mr. Gandy with his hands in front of him. (ECF No. 92-10). Officer Hanohano "observed a single gunshot wound to [Mr. Gandy's] lower abdomen on his left side" and gunshot wounds to each of his legs. (*Id.*) Officers Hanohano and Lay placed

2

makeshift tourniquets on each of Mr. Gandy's legs, above the wounds, and stopped the bleeding. (*Id.*) Emergency responders soon arrived and took over medical care. Sgt. Williams and Cpl. Jimenez arribved and took over supervision of the scene.

Mr. Gandy survived the shooting. In January 2018, he was charged with grand larceny and malicious mischief. (ECF No. 92-6). While in jail, he was indicted for assaulting a corrections officer. Mr. Gandy ultimately was found incompetent to stand trial and committed by the State of Mississippi to the state mental hospital. The charges against him were dismissed on January 6, 2021. (ECF No. 92-8).[3]

In April 2018, Officer Wheeler was indicted for aggravated assault for firing shots into the vehicle Mr. Gandy was driving. (ECF No. 92-4). The indictment charged that Mr. Wheeler "did purposely, knowingly, or recklessly under the circumstances, manifesting extreme indifference to the value of human life, cause serious bodily injury to Zyterrious Gandy with a deadly weapon, to wit: a pistol, by firing said pistol into the vehicle that was occupied by Gandy and striking him in both legs and the torso…." (*Id.*) On January 26, 2022, Mr. Wheeler pled guilty to the misdemeanor crime of simple assault, "negligently causing serious bodily injury to another with a deadly weapon…, as a lesser included crime to aggravated assault as set forth in the indictment…." (*Id.*)

Plaintiffs Patricia Yeates and David Yeates, individually and as representatives of the Estate of Zy-terrious Gandy, filed this lawsuit against the Municipal Defendants and Gary Wheeler. The amended complaint claims Excessive Force in violation of the Fourth Amendment; violation of the Americans with Disabilities Act (ADA); violation of the Due Process Clause of the Fourteenth Amendment; and Aggravated Assault. The Municipal Defendants seek summary judgment in their favor as to all claims. Defendant Wheeler has not joined the motion. In their

---

[3] Mr. Gandy was released and returned to live with his mother in September 2021.

3

response to the motion for summary judgment, Plaintiffs address only the constitutional claims against the Municipal Defendants and so have abandoned the other claims as to the Municipal Defendants. *Sanders v. Sailormen, Inc.*, No. 3:10-cv-00606, 2012 WL 663021 at *3 (S.D. Miss. Feb. 28, 2012) (collecting cases).

## LEGAL STANDARDS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 248 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). If a moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 634 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075.

To establish municipal liability for claims under § 1983, a plaintiff must satisfy stringent standards. It is well-settled that municipalities bear liability only for their own acts and not acts attributed to them by principles of respondeat superior. *Monell v. Dept. of Soc. Svcs.*, 436 U.S.

4

658, 690 (1978). "A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it through some official action or imprimatur." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (internal quotation marks omitted). "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Id.* Official policy usually exists "in the form of written policy statements, ordinances or regulations" but "may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.* (internal quotation marks omitted). In addition, "a plaintiff must establish that the policy was the moving force behind the violation." *Id.* at 848. A "failure to train can amount to a policy if there is deliberate indifference to an obvious need for training where citizens are likely to lose their constitutional rights on account of novices in law enforcement." *Id.* at 849.

## DISCUSSION

In their response to the Municipal Defendants' motion for summary judgment, Plaintiffs focus entirely on whether Defendant Wheeler's actions violated the Constitution. Plaintiffs attempt to premise their claims of municipal liability on a theory that the Municipal Defendants bear liability based on respondeat superior, contending that "Wheeler acted on behalf of [the] State as an employee and/or agent." (ECF No. 100, PageID.475). It is well-established that respondeat superior liability does not apply in this context. *Monell*, 436 U.S. at 690; *Peterson*, 588 F.3d at 847. Moreover, Plaintiffs adduce no evidence to support a finding that an official policy or a failure to train was the moving force behind the violation of a constitutional right, and no evidence of a pattern or custom of unconstitutional conduct on the part of the Municipality. To the contrary,

5

Plaintiffs even assert that Defendant Wheeler failed to follow an official policy designed to protect against unconstitutional and other inappropriate conduct. Plaintiffs state explicitly that "Wheeler did the opposite of section 414.4.4(1) and (2) of Starkville Police Department's handling of Emotionally/Mentally Disturbed People." (ECF No. 100, PageID.475). On this record, there is simply no basis on which a reasonable juror could find in favor of the Plaintiffs as to municipal liability. Plaintiffs have failed to meet their burden at the summary judgment stage to establish a genuine issue as to material fact concerning their claims against the Municipal Defendants.

## CONCLUSION

For these reasons, the Municipal Defendants are entitled to summary judgment in their favor.

**ACCORDINGLY, IT IS ORDERED**:

1. The Motion for Summary Judgment filed by the Defendants City of Starkville, Lynn Spruill, and Mark Ballard (ECF No. 92) is **GRANTED**.

2. Plaintiffs' claims against Defendants City of Starkville, Lynn Spruill, and Mark Ballard are **DISMISSED WITH PREJUDICE**. Only the claims against Defendant Wheeler remain.

**SO ORDERED AND ADJUDGED**, this, the 15th day of June, 2023.

                                                       <u>/s/ Michael P. Mills</u>
                                                      **UNITED STATES DISTRICT JUDGE**
                                                      **NORTHERN DISTRICT OF MISSISSIPPI**